**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Hyun Lee,

Petitioner,

v.

Eric Rokosky, et al.,

Respondents.

No. CV-26-06686-PHX-KML

**ORDER**

In August 2026, this court granted a habeas petition filed by petitioner Hyun Lee, ordering that he be given a bond hearing within seven days. *See Lee v. Rokosky*, 2:26-cv-05402-PHX-KML, Doc. 7 (D. Ariz. Aug. 12, 2026). Lee filed two motions to enforce that order arguing he was entitled to immediate release because the bond hearing was held on the eighth day. *Id*. at Docs. 10, 12. The court denied both motions, finding that the docketing date of the order granting habeas corpus meant respondents complied within the required timeframe. *Id*. at Docs. 11, 13.

The same day he filed the second motion to enforce, Lee filed a new petition for writ of habeas corpus. (Doc. 1.) The second petition argues three grounds for relief: (1) the immigration judge ("IJ") erroneously denied Lee bond at the hearing, which was held past the mandated date; (2) Lee should be immediately released because his detention is prolonged; and (3) the bond hearing was held on the eighth day. (Doc. 1 at 6.) Because Lee has not met his burden of showing he is entitled to a writ of habeas corpus, the petition is denied. *See Lambert v. Blodgett*, 393 F.3d 943, 969 n.16 (9th Cir. 2004) ("In . . . federal

habeas proceedings, it is the petitioner who bears the burden of proving his case.").

As to Lee's first and third grounds for relief, the court has now explained repeatedly that respondents complied with the first habeas order by holding the hearing on the seventh day after the order was docketed. Both counts are denied on that basis. To the extent Lee's first ground also challenges him bearing the burden of proof at the bond hearing, that allocation of the burden violates neither the court's prior order nor the law given that he had been detained for approximately three months when the bond hearing was held. *See Lee v. Rokosky*, 2:26-cv-05402-PHX-KML, Doc. 1 at 7 (filed Aug. 3, 2026); *id.*, Doc. 7 at 1 (ordering bond hearing without specifying allocation of burden of proof); *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1210-12 (9th Cir. 2022) (rejecting argument that burden should have shifted to respondents for alien "subject to § 1226(a) and its bond determination processes from the onset of his detention" who had not been subject to "prolonged" detention, "defined to mean more than six months"). And if Lee intended to ask the court to reweigh the factors underlying the IJ's bond denial, it cannot do so. *See Martinez v. Clark*, 124 F.4th 775, 785 (9th Cir. 2024) (in the context of a dangerousness determination, federal courts "cannot reweigh evidence" and "can only determine whether the [immigration court] applied the correct legal standard") (simplified).

Lee's second ground for relief argues he should be immediately released because he has been subjected to prolonged detention. (Doc. 1 at 6.) This claim is denied too, because Lee has already received a bond hearing—the appropriate remedy for the constitutional violation he alleges. *See Padilla v. United States Immigr. & Customs Enf't*, --- F.4th -----, 2026 WL 2822044, at *18 (9th Cir. 2026) (describing the "long history" of substantive due process limitations on the government's ability to detain people, including "the widespread availability of bail" and "judicial review of the legality of confinement").

Respondents invoke Lee's failure to exhaust as an additional reason for denying the petition. (Doc. 6 at 1.) By arguing exhaustion can be excused (Doc. 7 at 2), Lee seemingly concedes he did not appeal the bond denial. The court declines to excuse exhaustion and that provides a final, independent reason for dismissing the petition. *See Leonardo v.*

*Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (When a petitioner has not appealed an IJ's bond decision to the BIA, "a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused."); *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007).

Accordingly,

**IT IS ORDERED** the petition for writ of habeas corpus (Doc. 1) is denied and dismissed.

**IT IS FURTHER ORDERED** that any remaining pending motions are denied as moot. The clerk of court shall enter judgment in respondents' favor and close this case.

Dated this 3rd day of November, 2026.

**Honorable Krissa M. Lanham**
**United States District Judge**